## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| Samantha Stringfellow, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Critical Resolution Mediation, LLC; and DOES 1-10, inclusive, | : **COMPLAINT**<br>: **JURY TRIAL DEMANDED** |
| Defendants. | : |

For this Complaint, the Plaintiff, Samantha Stringfellow, by undersigned counsel, states as follows:

### **JURISDICTION**

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     The Plaintiff, Samantha Stringfellow ("Plaintiff"), is an adult individual residing in Holt, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant Critical Resolution Mediation, LLC ("Critical Resolution"), is a Georgia business entity with an address of P.O. Box 1605, Pine Lake, Georgia 30072, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Does 1-10 (the "Collectors") are individual collectors employed by Critical Resolution and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.     Critical Resolution at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.     The Debt was purchased, assigned or transferred to Critical Resolution for collection, or Critical Resolution was employed by the Creditor to collect the Debt.

10.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. <u>Critical Resolution Engages in Harassment and Abusive Tactics</u>**

11.     In or around February 2014, Critical Resolution telephoned Plaintiff in an attempt to collect the Debt.

12.     During that conversation, a representative of Critical Resolution lied to Plaintiff by saying that the "attorneys" for Critical Resolution were going to file a "case" against Plaintiff for "fraud, deception, or breach of contract."

13.     This statement was false because Critical Resolution did not have the ability or intent to sue Plaintiff in Missouri.

14.     During another conversation with Plaintiff, a collector from Critical Resolution threatened to contact "everyone that Plaintiff is associated with" to collect the Debt.

3

15.     Critical Resolution repeatedly informed Plaintiff that the calls were being recorded; however in later conversations Critical Resolution stated that the calls were not being recorded, which caused Plaintiff to feel deceived and confused.

16.     Critical Resolution placed calls to Plaintiff's phone at an annoying and harassing rate, placing up to three calls daily.

17.     Often, after having a conversation with Plaintiff, Critical Resolution placed additional calls to Plaintiff's phone the same day.

18.     Critical Resolution has failed to send Plaintiff a written notice mandated by 15 U.S.C. § 1692(g).

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

33.     The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

34.     The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

6

35.    The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

36.    Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III

## INTENTIONAL (OR RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

37.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38.    The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

39.    The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

40.    All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

41.    Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

42.    Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

43.    Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5.  Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6.  Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 29, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Samantha Stringfellow
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com